RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/17/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

TONY R. JACKSON                     DOCKET NO. 11-CV-312; SEC. P
#00227-000

VERSUS                              JUDGE DEE D. DRELL

MARINA MEDINA                       MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Tony R. Jackson, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff's motion to proceed *in forma pauperis* was granted on March 1, 2011. He is incarcerated at the Federal Correctional Institution (FCI) in Pollock, Louisiana. Plaintiff claims that his constitutional rights are being violated by the defendant through implementation of the Inmate Financial Responsibility Program ("IFRP"). He seeks exemption from the IFRP program as well as compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Statement of the Case

Plaintiff states that he is a "D.C. Code offender" who was

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

sentenced by the D.C. Superior Court in 1999. As part of that sentence, Plaintiff was assessed a cost in the amount of $4,000.00 pursuant to the Victims of Violent Crime Compensation Act of 1981. [Doc. #1, p.17]

Plaintiff was transferred to FCI Pollock on April 10, 2010. He was informed of the Inmate Financial Responsibility Program (IFRP) and his financial obligations. The Bureau of Prisons inquired of the status of Plaintiff's fine, and the Superior Court of the District of Columbia Criminal Division confirmed that Plaintiff had an unpaid balance of $3,950.00 of his $4,000 fine. Thus, on or around June 24, 2010, Plaintiff was presented with an IFRP payment plan whereby Petitioner would pay $25.00 per quarter beginning September 2010. Plaintiff refused to sign the payment plan, so he was placed on "refusal status" [Doc. #1, p.4, 16-17] Plaintiff claims that the defendants lack the authority to collect FRP payments from him because it increases the punishment and sentence imposed by the D.C. court. He also claims that he should not be subject to restrictions for those placed on refusal status.

## Law and Analysis

Plaintiff filed this suit under <u>Bivens</u> challenging the constitutionality of the IFRP, and he seeks monetary damages. However, his claim also falls under 28 U.S.C. §2241, as he challenges the execution of his sentence. Under either theory, Plaintiff's claim fails.

2

Plaintiff asserts that the IFRP impinges on his constitutional rights. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Mitchell v. U.S., 211 F.3d 125 (Table)(5th Cir. 2000)(citing Turner v. Safley, 482 U.S. 78, 89 (1987). "The IFRP serves the legitimate penological interest of rehabilitation, and has been upheld against constitutional attack." Id., citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999). The regulations relevant to IFRP plans allow prison officials to place prisoners who decline to comply with their IFRP plans to be placed on maintenance pay and otherwise sanctioned. 28 C.F.R. §545.11(d). Courts have routinely held that collecting restitution payments through the IFRP does not violate the constitutional rights of the inmate.

Plaintiff also complains that because he refused to sign the IFRP, he was placed on "refusal status" and subjected to various sanctions.[2] He alleges that he is subjected to a commissary

---

[2] 28 C.F.R. 545.11 provides: Effects of non-participation. Refusal by an inmate to participate in the financial responsibility program.... ordinarily shall result in the following:
(1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
(2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);
(3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;
(4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

spending limit of $25 per month, limited pay for work, inability to be selected for placement in a halfway house or work release program; and that he will receive a negative report upon being reviewed by the Parole Commission.

To the extent that Plaintiff claims that he was "sanctioned" without due process of law, he must first demonstrate that the limits allegedly imposed impinge upon a protected liberty or property interest. First, prisoners have no protected interest in the mere expectancy of parole. See Shahid v. Crawford, 599 F.2d 666, 670 (5th Cir. 1979). Next, prisoners do not have a liberty or property interest in a work-release program or placement in a halfway house, nor do they have a property interest in their classification. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999). A limitation on or loss of commissary privileges

---

(5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;
(6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;
(7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);
(8) The inmate will not be placed in a community-based program;
(9) The inmate will not receive a release gratuity unless approved by the Warden;
(10) [Reserved]
(11) The inmate will not receive an incentive for participation in residential drug treatment programs.

4

is not an atypical, significant deprivation that would create a liberty interest. See <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997). To the extent that Plaintiff complains that he does not receive performance pay above the maintenance pay level, his claim also fails. Even compelling an inmate to work without pay is not unconstitutional. The Thirteenth Amendment specifically allows involuntary servitude as punishment after conviction of a crime, and compensating prisoners for work is not a constitutional requirement. See <u>Murray v. Mississippi Department of Corrections</u>, 911 F.2d 1167, 1167-68 (5th Cir. 1990)(citations and quotation marks omitted); <u>see also</u> <u>Loving v. Johnson</u>, 455 F.3d 562, 563 (5th Cir. 2006). Plaintiff has not presented a protected liberty or property interest of which he was deprived.

To the extent that Plaintiff challenges the execution of his sentence and the validity of the Bureau of Prisons to establish a payment plan, his claim also fails. Section 2241 is correctly used to attack the manner in which a sentence is executed. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). However, to obtain habeas relief under §2241 on a challenge to the manner in which the BOP administers the IFRP and collects restitution payments, a plaintiff must establish "the deprivation of some right secured to the petitioner by the United States Constitution or the laws of the

United States." Schmidt v. United States Dep't of Justice, 34 Fed. App'x 151, 151 (5th Cir. 2002)(per curiam)(citing Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995)). As discussed above, Plaintiff has not alleged the deprivation of a constitutional right. Where a criminal judgment orders the payment of a fine or restitution, the payment plan imposed by the BOP does not amount to an unconstitutional delegation of judicial authority. See McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); see also Kaemmerling v. Berkebile, 359 Fed. Appx. 545, 546-47 (5th Cir. 2010)(unpublished); Bloch v. Lake, 183 Fed. Appx. 471, at *1 (5th Cir. 2006)(unpublished); and Schmidt v. U.S. Dep't of Justice, 34 Fed. Appx. 151, at *1 (5th Cir. 2002)(unpublished).

Thus, under Bivens or §2241, Plaintiff fails to state a claim for which relief can be granted.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 17th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE